Our third case for this morning is United States v. Ismael Garibay. Mr. Thompson. May it please the court. My name is Michael Thompson. I represent defendant appellant Ismael Garibay. Mr. Garibay appeals his sentence imposed by the district court and the district court's decision to deny him a sentencing guideline reduction for playing a minor role in the conspiracy for which he was convicted. The main thrust of Mr. Garibay's argument is based on the factual record that was actually available to the district court. There he clearly did play a minor role in the not actually presented at sentencing in order to conclude that the minor role reduction was inappropriate. But the district court does kind of group people and says you know he's somewhere in the middle and doesn't see him no matter how much money he was earning or how little as the case may be this doesn't see him as enough less culpable than the average and this is discretion you know I mean we defer to these factual findings. I agree that the proper form of the analysis but I think the analysis itself was flawed because it relied upon information that wasn't actually presented at the sentencing. The district court basically accepted facts as true that were listed in the pre-sentence investigation report but were never actually presented reliably at sentencing. Doctors do that all the time. They're allowed to rely on what's in the PSR unless there's you know some real challenge made to it. They are if there are some way to show that it's reliable. What challenges to reliability did Mr. Garibay make? Mr. Garibay said that the information contained within the report of his safety valve proffer which was accepted on the record that was the only basis that along with his plea agreement with the government that those factual bases were basically the only facts that were contradicted some of the information that the government. Well that's what I'm trying to get you to be specific about. What in particular in the PSR did he stand up and say I say that paragraph 22 is inaccurate or something? He didn't list specific paragraphs but more challenged the totality of it. For example, I think it said somewhere in the PSR or at least in the court's opinion it stated that Mr. Garibay was an equal partner with some of the other participants who he was actually working to as a middleman for. But that's kind of a characterization from the facts and so the district judge is persuaded by that characterization you know equal enough if you will. And I think if you accept Mr. Garibay's own words as true that he made in the safety valve which the district court appeared to do that that's not a fair characterization. If he says that all he was doing is putting one party in touch with another at the request of one of those parties. And I'm looking say at page this is appendix 13 page 34 he said the judge is talking about everybody Zambrano, Lemus and Matthews at the upper end, Lopez and Gonzalez-Garcia at the bottom and then he says I think Zamudio, Lewis Hall and Elgar they were couriers and money counters. They were just functionaries which is what you're saying about Mr. Garibay. They weren't making any decisions and if anybody qualifies as Mr. Garibay certainly is not substantially less culpable than those three individuals. He actually thinks he's more culpable. So you know if if this conclusion isn't clear error don't we have to affirm the district judge's decision here? Certainly you do your honor but I Mr. Garibay's position is that that is clear error to reach that conclusion based on the record that was actually before the court. When the court said that the safety valve applied it accepted that proffer as truthful and that safety of the the contents of that proffer. Let's go to the next page then. He says he's the broker he knew people on both sides of the chain. They trusted him basically to set them up with the right people. They're dealing with illegal substances so you know this is not just like calling up your friend for coffee and he lets them use the house right? I'm trying to remember what else there is but you know they're just enough facts all we're talking about is I mean not that it's unimportant I recognize Mr. Garibay it is but does he get a discount? That's correct that is what we're talking about and it amounts to essentially five levels off of the guidelines which is a number of years of Mr. Garibay's life so it is an important distinction certainly but the facts that were available to the court suggested that what Mr. Garibay did was call up one person because another person told him to and pass information from one to the other. He was taking orders from Zambrano he was not he didn't own any of the drugs that were being sold. But organizations need middlemen don't they? Certainly and the fact that his role was important doesn't mean it wasn't minor and this court has precedent that says just that I can't think of it off the top of my head but look at the whole situation I mean you know obviously important I don't know there's there's some overlap it seems to me. Overlap in what? The concept of being minor in the concept of being unimportant. Certainly there can be some overlap your honor but one is not dispositive of the other and this court in Diaz-Rios listed a number of factors that should be considered when a court determines whether a minor role reduction should apply and I think all of them except perhaps the length of his involvement would suggest that it should be applied to Mr. Garibay. He did admit to being involved with Mr. Zambrano for a year to a year and a half so that does suggest that perhaps his role was a little more important than it was. But all the other factors including how much he was paid what he actually did to facilitate the conspiracy and the didn't actually have any control over the transactions or possessor interest in the drugs suggest that his role was minor. The facts before the court suggested that what he did was pass messages and act as essentially a gopher for Mr. Zambrano. There were other people in the conspiracy who played much larger roles including those Mr. Garibay suggests that the district court found to be the average participants. These people were actually transporting drugs from one place to another. They were arranging details of transactions instead of just passing messages and Mr. Garibay wasn't doing that. He allowed Mr. Zambrano to use his place of business at times to hold meetings and transactions but he wasn't actually involved in those transactions. He was present for them on one or two occasions. And he knows he's involved in drug trafficking business. He's not, no, yes certainly he's not ignorant to what's going on. He's just not playing a major role in performing the functions of that. So another definitional equivalent, not major, is probably not the same thing as minor, you know, for... Certainly by definition it's not, Your Honor, but in this case I think the facts support a conclusion that his role was minor because of the small amount of things he was doing. And you're not arguing it goes below minor? You're not saying minimal? Certainly not. Okay. You're in a rebuttal time. Well then, Your Honor, if there are no further questions I would like to reserve the remainder of my time. That Mr. Lee. May it please the Court. My name is Stephen Lee. The district court here did not clearly err in finding that the defendant had not established by preponderance of the evidence that he was entitled to a minor role reduction given the defense's integral involvement in brokering multiple heroin and cocaine deals. He gets pretty pathetic payment for these things though, doesn't he? It's like very low amounts of money per transaction. A thousand, I believe he made it a thousand to fifteen hundred dollars per deal. And the district court recognized that these were not substantial amounts, that he could not retire on those, but he found that those were one of the factors that did show that he got more money than other defendants who have been found to have minor roles. And he found that, consider that as one of the several factors in Dios Rios in concluding that he was not entitled to minor role reduction. He also considered the length of involvement, the fact that the defendant was involved in heroin deals for about possibly up to a year before the time of his arrest. Five heroin deals in that time. The district court found that the defendant had a close relationship with the other members of the conspiracy and that he was trusted by those members in arranging these deals. And he also considered the fact that the defendant knew the amounts of heroin and drugs involved in these deals. Both because he was told that directly in the phone calls that were intercepted over the government's wire, as well as from his being able to work back from the prices involved. Suppose he had done it only once. Would that sound more like a minor role to you? What's the importance of the period of time? The time is one factor. It could be that in terms of the minor, the element of time goes to the conspiracy. If the conspiracy is a one-time deal, then it may be that being involved in that one time may not make you minor in that time. If the conspiracy at issue before the district court is 10-20 transactions over a year, the fact that a defendant might be involved in just one of them might warrant a minor role reduction. Here, the evidence showed overall that there were multiple heroin deals over the time that the evidence, including wire calls, showed multiple deals between July and August or September of 2012. And the defendant was involved in those deals. He took calls from Zambrano, in which Zambrano relayed how much heroin the customer wanted. And then Garibay took that information and then passed that on to the supplier. So he was involved in multiple deals. He chooses, there are a couple of different suppliers, right? In terms of the heroin, the evidence showed one supplier. Just one supplier for the heroin. I think there are multiple distributors for the cocaine. Okay. But I think the evidence available to the government was one supplier for the heroin. And the evidence showed that the defendant was the one who was passing that information on to the supplier. So the defendant was involved in multiple heroin deals over just a few months. He omitted involvement in deals going back before the government had a wire up. And those are factors that the district court considered in determining that he was not entitled to a minor reduction under D.S. Rios. The district court also considered, as the court has already acknowledged, the defendant in comparison with the other members of the conspiracy. He found that he was more culpable than what the district court found to be the average participant. And he also found in terms of the people at the top of the conspiracy, he found that even if the defendant was not as culpable as them, he was still, he was not substantially less culpable than them. Given all this, the district court did not clearly err in finding that defendant was not entitled to a minor reduction. Okay. Unless the court has any further questions, the government ends by asking that you affirm the sentence. All right, thank you. Anything further, Mr. Thompson? One of the other individuals in the conspiracy who did receive a role reduction, received it because they essentially acted as a translator. They took what one party said and translated it and told it to the other party. And that's not that much different from what Mr. Garibay did in this case. He took information from one party and at their direction conveyed it to another person. That's because Mr. Zambrano didn't want to have his fingerprints right on the chain. And so he used someone else to pass that message. He did, and he paid him for that service. And what the information is that Mr. Garibay received somewhere between $1,000 and $1,500 on one occasion, and that was the most he received. It wasn't that he got that every time. So yes, he was paid multiple times over the course of that year. But the role he played was really just as a messenger service. He took information on a call or in person and conveyed it to somebody else. And I think that's the definition of someone who's playing a minor role in a conspiracy. That's what he did, and that's the court. And I think with that information it was air and clear air not to give him the minor role reduction as requested. There are no further questions. I asked that the sentence be vacated. All right. Thank you very much. We will take the case under advisement.